HARRIS, J.
We affirm the trial court’s handling of the Williams Rule evidence. Further, we do not agree that the court’s departure after considering a PSI insisted on by Miller was vindictive even though, before ordering the PSI, the court indicated that it intended a guideline sentence. Defendant was never promised a guideline sentence in exchange for anything. The court was ready to sentence immediately following the jury verdict and indicated a guideline sentence would be entered. The defendant insisted on a PSI and the court complied. Once the PSI was obtained, the court was free to consider an upward or downward departure or a guideline sentence depending on its contents. Miller apparently believed the information in the PSI would help his cause. Instead, it persuaded the court to depart upward. Miller does not contend herein that there was insufficient reason for departure.
*1167 We do reverse the sentence of forty years incarceration to be followed by ten years probation since this exceeds the statutory maximum for the offense. We remand for a new sentence within the statutory maximum.
AFFIRMED in part; REVERSED in part and REMANDED.
W. SHARP and THOMPSON, JJ., concur.